# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-0086** (Mercer County 15-F-90-OA)

**Nathaniel Showalter,**
**Defendant Below, Petitioner**

**FILED**

**January 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Nathaniel Showalter, by counsel Ward Morgan, appeals the June 12, 2015, order of the Circuit Court of Mercer County denying petitioner's motion to suppress his confession to the police first-degree robbery. Respondent State of West Virginia, by counsel Zachary Aaron Viglianco, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying his motion to suppress his confession.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2014, petitioner was arrested for possession of a controlled substance with intent to deliver. The magistrate court set petitioner's bond in the amount of $10,000.00. Unable to post bond, petitioner was remanded to the Southern Regional Jail. While being held on only the possession charge, Detective Adams of the Bluefield Police Department interviewed petitioner regarding an unrelated bank robbery. Prior to the interview, Det. Adams thoroughly explained petitioner's rights to him pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.E.2d 694 (1966). Subsequently, petitioner signed a *Miranda* rights waiver form prior to giving a recorded statement to Det. Adams wherein he confessed to the bank robbery of First Community Bank.

In February of 2015, a Mercer County grand jury indicted petitioner on one count of first-degree robbery and the unrelated count of delivery of a controlled substance.

Petitioner filed a motion to suppress his statement regarding the bank robbery to Det. Adams. On June 11, 2015, the circuit court held a hearing on the motion to suppress. Det. Adams' testimony revealed that he Mirandized petitioner and that petitioner signed a *Miranda* rights waiver form prior to giving his statement; that Det. Adams advised petitioner that he did

1

not have to speak to him; and that petitioner's statement corroborated facts of the robbery, including his description of the pellet gun used during the commission of the offense, the black clothing worn, and the direction in which he fled following the crime. On cross-examination, Det. Adams admitted that petitioner did not, at the time of the confession, have an attorney appointed to represent him on the robbery charge, but that petitioner was instructed prior to the interview that he could speak to an attorney. Det. Adams also acknowledged that despite the fact that the DNA test results had yet to be completed, certain DNA evidence linked petitioner to the robbery. Thereafter, petitioner testified that while he confessed to the robbery, his confession was coached, that Det. Adams promised to get his drug charge dismissed, that he would be placed in the Anthony Center following sentencing, and threatened to "jail" everyone in petitioner's grandmother's home. After considering the testimony, the circuit court denied petitioner's motion to suppress his confession finding that he was properly Mirandized prior to giving his confession to Det. Adams, and "that the confession was voluntary and not the product of duress or coercion by law enforcement." The circuit court further found petitioner's testimony regarding Det. Adams' alleged promise to get petitioner's drug charge dismissed or to have him placed at the Anthony Center to be "incredible." The circuit court also appropriately considered and rejected petitioner's stance that his low intelligence affected his ability to provide a voluntary statement.[1]

Following a two-day jury trial, petitioner was convicted of one count of first-degree robbery. Subsequently, the circuit court sentenced petitioner to a term of incarceration of sixty years. Petitioner filed a Motion for Reduction of Sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure arguing that he should receive an alternative sentence. Ultimately, the circuit court denied petitioner's motion by order entered on December 29, 2015. This appeal followed.

On appeal, petitioner argues that the circuit court erred in denying his motion to suppress his statement to Det. Adams because it was obtained through the use of threats and implied promises of leniency as noted during his testimony at the hearing.

This Court has held as follows:

> "When reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error."

---

[1]Petitioner's psychological evaluation, conducted on December 8, 2014, concluded that petitioner was "competent to stand trial" and that he "lacked any mental disease or defect to the extent that he lacked substantial capacity to appreciate the criminality of his conduct or conform . . . to the requirements of the law." A second psychological evaluation completed on November 23, 2015, concluded that, while petitioner scored within the "Low Average to Borderline range of intelligence," petitioner "did not reveal any impairment that would impact his competency to stand trial or criminal responsibility."

Syllabus point 1, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996).

Syl. Pt. 13, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011). Moreover,

> [b]y employing a two-tier standard, we first review a circuit court's findings of fact when ruling on a motion to suppress evidence under the clearly erroneous standard. Second, we review *de novo* questions of law and the circuit court's ultimate conclusion as to the constitutionality of the law enforcement action. Under the clearly erroneous standard, a circuit court's decision ordinarily will be affirmed unless it is unsupported by substantial evidence; based on an erroneous interpretation of applicable law; or, in light of the entire record, this Court is left with a firm and definite conviction that a mistake has been made. *See State v. Stuart*, 192 W.Va. 428, 452 S.E.2d 886, 891 (1994). When we review the denial of a motion to suppress, we consider the evidence in the light most favorable to the prosecution.

*State v. Lilly*, 194 W.Va. 595, 600, 461 S.E.2d 101, 106 (1995). Upon consideration of the above standard of review, this Court finds no error in the circuit court's denial of petitioner's motion to suppress his statement. Petitioner voluntarily spoke with Det. Adams, and his confession was not obtained illegally or involuntarily. This Court has stated that

> It is the mandatory duty of a trial court, whether requested or not, to hear the evidence and determine in the first instance, out of the presence of the jury, the voluntariness of an oral or written confession by an accused person prior to admitting the same into evidence.

Syl. Pt. 2, *State v. Black,* 227 W.Va. 297, 708 S.E.2d 491 (2010) (internal citations omitted). Moreover, "[t]he State must prove, at least by a preponderance of the evidence, that confessions or statements of an accused which amount to admissions of part or all of an offense were voluntary before such may be admitted into the evidence of a criminal case." Syl. Pt. 10, *State v. Keesecker,* 222 W.Va. 139, 663 S.E.2d 593 (2008) (citations omitted). "Whether an extrajudicial inculpatory statement is voluntary or the result of coercive police activity is a legal question to be determined from a review of the totality of the circumstances." Syl. Pt. 4, *State v. Jones,* 220 W.Va. 214, 640 S.E.2d 564 (2006) (citations omitted).

> In examining the totality of the circumstances, a court must consider a myriad of factors, including the defendant's age, intelligence, background and experience with the criminal justice system, the purpose and flagrancy of any police misconduct, and the length of the interview. *State v. Sugg,* 193 W.Va. 388, 456 S.E.2d 469 (1995).

*State v. Bradshaw*, 193 W.Va. 519, 527, 457 S.E.2d 456, 464 (1995).

In the present case, it is clear that petitioner's confession was voluntary and not obtained as a result of coercive police activity. The interview was only approximately ten minutes long, conducted by only one officer, and petitioner affirmatively waived his *Miranda* rights before

3

giving the confession which was corroborated by the facts of the bank robbery including petitioner's description of the pellet gun, the black clothing he wore, and the direction in which he fled following the robbery. Furthermore, the circuit court considered the December 8, 2014, psychological evaluation which indicated that petitioner had sufficient mental capacity to "assist in the preparation of his defense" and did not suffer "from a mental disease to the extent that he lacked substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law."

In regard to petitioner's claim that Det. Adams made promises of leniency in exchange for a confession, this Court has stated that "[r]epresentations or promises made to a defendant by one in authority do not necessarily invalidate a subsequent confession. In determining the voluntariness of a confession, the trial court must assess the totality of all the surrounding circumstances. No one factor is determinative." Syl. Pt. 7, in part, *State v. Farley,* 192 W.Va. 247, 452 S.E.2d 50 (1994). After considering the testimony during the suppression hearing, the circuit court clearly found that petitioner's testimony regarding law enforcements promise to dismiss his drug charge or placement at the Anthony Center to be "incredible." We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.,* 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Indeed, this Court has explained that "a trial court's credibility determinations are entitled to special deference." *Bartles v. Hinkle,* 196 W.Va. 381, 389, 472 S.E.2d 827, 835 (1996). Furthermore, the circuit court was aware of the circumstances in which Det. Adams questioned petitioner, that petitioner signed a *Miranda* rights waiver form before giving his confession, and the brevity of the interview. For these reasons, we find no error in the denial of the motion to suppress.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 9, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4